UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOANN M. REVILLE,

                            Plaintiff,

v.

NIAGARA FRONTIER TRANSPORTATION
AUTHORITY,

                            Defendant.

_____

**REPORT AND
RECOMMENDATION**

04-CV-0258A(M)

This case was referred to me by Hon. Richard J. Arcara, in accordance with 28 U.S.C. §636(b)(1), for supervision of all pretrial matters and to hear and report upon dispositive motions (Dkt. #45). Before me is the motion of defendant Niagara Frontier Transportation Authority ("NFTA") for summary judgment (Dkt. #58). For the following reasons, I recommend that the motion be DENIED, without prejudice to renewal.

**BACKGROUND**

Plaintiff Joan Reville, proceeding *pro se*, commenced this action on April 2, 2004, alleging multiple causes of action against NFTA and other defendants (Dkt. #1). On April 15, 2004, Judge Larimer dismissed all of plaintiff's causes of action, with the exception of her claim against the NFTA alleging discrimination in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et. seq.* (Dkt. #3).

Following pretrial discovery, NFTA moved for summary judgment dismissing plaintiff's ADA claim. In support of its motion, NFTA filed a notice of motion and attorney affidavit (Dkt. # 58), a memorandum of law (Dkt. #59), and a statement of undisputed material

facts pursuant to Local Rule of Civil Procedure ("Local Rule") 56.1, with appendix (Dkt. #60).[1]

While plaintiff filed papers in opposition to the motion (Dkt. #65), they "do not comply with the

Pro Se Litigation Guidelines of this Court (Revised 2005) or the requirements of the Federal

Rules of Civil Procedure for litigants opposing a summary judgment motion. For example,

Plaintiff has not submitted an affidavit based on her personal knowledge, a statement of material

facts in dispute, a memorandum of law or affidavits from individuals she claims will be available

to testify as to certain facts at trial". Reply Affidavit of Susan P. Wheatley (Dkt. #66), ¶2.

These deficiencies on plaintiff's part might lead me to recommend that NFTA's

motion be granted, but for the fact that the record does not contain any indication that plaintiff

was served with the "Notice to *Pro Se* Litigants Opposing Summary Judgment", as required by

Local Rule 56.2.

## DISCUSSION AND ANALYSIS

Local Rule 56.2 requires that a *pro se* party opposing a motion for summary

judgment must be furnished with a separate notice advising him or her of the requirements for

properly opposing the motion, including the need to submit evidence, affidavits, a memorandum

of law, and a statement of facts which are in dispute. The Rule requires that the notice must be

served by "any party moving for summary judgment against a party proceeding *pro se*". This

"places the burden upon the defendant[ ], not the Court, to provide explanatory notice to *pro se*

plaintiffs". Dais v. Lane Bryant, Inc., 2000 WL 869489, *2 (S.D.N.Y. 2000). However, where

---

[1]      Due to the confidential nature of the materials contained in the motion papers, the papers were filed under seal (Dkt. #57).

the moving party fails to do so, "the district court should promptly provide the *pro se* [party] with such required notice". <u>Irby v. New York City Transit Authority</u>, 262 F. 3d 412, 414 (2d Cir. 2001).

Neither NFTA's affidavit of service nor the docket sheet indicates that the Rule 56.2 notice was served by NFTA, nor is there any indication from the docket sheet (as there is in other cases) that the notice was served by the court. While the absence of such a notice may be disregarded "where the record otherwise makes clear that the litigant understood the nature and consequences of summary judgment", <u>Vital v. Interfaith Medical Center</u>, 168 F. 3d 615, 621 (2d Cir. 1999), "the concerns that we have expressed regarding *pro se* litigants' understanding of summary judgment are not extinguished by the mere fact that a *pro se* litigant files a response of some sort." <u>Id</u>.

In deciding whether the record makes clear that plaintiff understood the nature and potential consequences of this motion, I cannot ignore the fact that, as NFTA itself points out, plaintiff failed to submit a statement of facts in dispute, as required by Local Rule 56.1. "Although not dispositive, a *pro se* party's failure to submit a statement of material facts required by Local Rule 56.1 . . . is some evidence that the *pro se* party did not understand her duties in response to a motion for summary judgment." <u>Forsyth v. Federation Employment and Guidance Service</u>, 409 F. 3d 565, 571 (2d Cir. 2005), <u>abdicated on other grounds</u>, <u>Ledbetter v. Goodyear Tire & Rubber Co., Inc.</u>, ___ U.S. ___, 127 S. Ct. 2162 (2007).

"Failure by the represented movant and the trial court to serve notice in accordance with Rule 56.2 ordinarily results in reversal of a grant of summary judgment, *regardless of the strength of the movant's motion*, unless it is clear that the *pro se* party

-3-

understood the nature and consequences of summary judgment." Id. at 570 (emphasis added). "In the absence of such notice or a clear understanding by the *pro se* litigant of the consequences of failing to comply with Rule 56,vacatur of summary judgment is virtually automatic." Irby, supra, 262 F. 3d at 414.

Because it is not clear from the record that plaintiff fully understood her obligations in responding to a NFTA's summary judgment motion, I have no alternative but to recommend that the motion be denied, "without prejudice to its later renewal upon service and filing of the appropriate notice". Dais, supra, *3.

## CONCLUSION

For these reasons, I recommend that the NFTA's motion for summary judgment (Dkt. #58) be DENIED, without prejudice. Provided that it serves plaintiff with the notice required by Local Rule 56.2, NFTA may (if so inclined) renew its motion for summary judgment by incorporating the present motion and supporting papers by reference, without the need to re-file. In that event, a further briefing schedule will be implemented.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED:   May 7, 2008

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge